IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN E. APONTE,<br><br>**Plaintiff,**<br><br>v.<br><br>RYAN D. MCCARTHY,<br>Secretary of the Army,<br><br>**Defendant.** | CIVIL NO. 20-1719 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the Court is the Secretary of the Army's "Motion to Dismiss for Improper Venue Pursuant to 42 U.S.C. § 2000e-5(f)(3) or to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)" (Docket No. 27), which plaintiff opposed (Docket No. 31). For the reasons explained below, the Secretary's motion to dismiss must be denied but the alternate request to transfer venue to the Middle District of Georgia granted.

### I.    BACKGROUND

Plaintiff *pro se* sued the Secretary essentially alleging that: (1) he worked as a physician at the Martin Army Community Hospital ("MACH") in Fort Benning, Georgia, from October 1, 2018 until his termination on February 15, 2019; (2) he was discriminated against on the basis of race for being Latino, sex for being a male, age for being 52 years old and national origin for being from Puerto Rico; and (3) he was subjected to a hostile working environment and to reprisal or retaliation (Docket No. 9 at pp. 1-2). Id.[1] The race, sex, and national origin elements of the claim

---

[1] Following filing of the complaint, plaintiff asked the court to appoint counsel (Docket No. 3). The court granted the motion, appointing counsel on the same day (Docket Nos. 5 and 11). In light of the court's ruling transferring the case, attorney Jessica E. Mendez-Colberg is relieved from further representing plaintiff in this matter.

Case 4:21-cv-00193-CDL   Document 36   Filed 11/05/21   Page 2 of 4

Iván E. Aponte. v. Ryan D. McCarthy.
Civil No. 20-1719 (PAD)
Memorandum and Order
Page 2

are contingent on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., whereas the age element of the claim is tied to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq*. The Secretary contends that the case should be dismissed for improper venue or alternatively transferred to the Middle District of Georgia (Docket No. 27 at p. 1).

## II.     DISCUSSION

### A.   Title VII

Venue in a Title VII action is governed by 42 U.S.C. § 2000e-5(f)(3). It is only proper in the judicial district where (1) the unlawful employment practice is alleged to have been committed; (2) the employment records relevant to such practice are maintained and administered; or (3) the plaintiff would have worked but for the alleged unlawful employment practice. Id. If the defendant is not within any of these judicial districts, venue may be proper in the judicial district where the respondent has its principal office. Id. Based on these criteria, Puerto Rico is not an appropriate venue for the Title VII component of the claim.

First, plaintiff has not stated that the alleged unlawful action was committed in Puerto Rico. Instead, he asserts that it was committed in Fort Benning, Georgia (Docket No. 9 at ¶ 1). Second, plaintiff has not shown that the records relating to his employment at MACH are maintained or administered in Puerto Rico. Third, there has been no showing that plaintiff would have worked in Puerto Rico but for the alleged unlawful action. Fourth, plaintiff has not demonstrated that the Secretary's principal office is in Puerto Rico.

The only connection the case has with this District is that plaintiff currently resides here. Still, plaintiff's place of residence is not one of the criteria set in § 2000e-5(f)(3). See, Robertson v. Donahoe, 2012 WL 2917992, *2 (M.D.Fla. July 17, 2012)(recognizing that plaintiff's residency is not a relevant factor in determining appropriate Title VII venue). Plaintiff argues that he "resides

Iván E. Aponte. v. Ryan D. McCarthy.
Civil No. 20-1719 (PAD)
Memorandum and Order
Page 3

in Puerto Rico and does not have the economic means to pursue a case in another District" (Docket No. 31 at p. 4).  This fact, however, is immaterial to a Title VII venue determination.  See, Dubnick v. Firestone Tire & Rubber Co., 355 F.Supp. 138, 142 (E.D.N.Y.1973)("[E]conomic necessity of plaintiffs in this type of case and the hardship of litigating this case in a court 3000 miles away [. . .] are arguments more properly directed to Congress").

### B. ADEA

Venue for ADEA actions brought against an officer, employee, or agency of the United States is governed by 28 U.S.C. § 1391(e)(iii), pursuant to which an ADEA action may be instituted in the District where plaintiff resides, where the defendant resides, or where the cause of action arose.  Id.  As mentioned earlier, plaintiff resides in Puerto Rico, but there is no indication that the Secretary of the Army resides within this District, and the cause of action arose within the Middle District of Georgia.  Thus, plaintiff could bring an ADEA claim in the District of Puerto Rico based on the fact that he resides in Puerto Rico.

### C. Mismatch

Where a case is filed in the wrong venue, the district court has discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). In cases of mismatch in venue involving Title VII and ADEA, however, courts have transferred cases to districts where venue is proper for both claims.  See, Gardner v. Mabus, 49 F.Supp.3d 44, 47-48 (D.D.C. 2014)(transferring case with both Title VII and ADEA claims to District where venue was proper for both claims); O'Connor v. Pan Am, 1990 WL 118286,*4 (S.D.N.Y. May 4, 1990)(same).  That is more "efficient and sensible" than non-prejudicial dismissal of one claim.

Iván E. Aponte. v. Ryan D. McCarthy.
Civil No. 20-1719 (PAD)
Memorandum and Order
Page 4

Benton v. England, 222 F.Supp.2d 728, 732 (D.Md. 2002). From this perspective, venue is proper in the Middle District of Georgia as to both Title VII and the ADEA.[2]

### III.  CONCLUSION

For the reasons stated, defendant's request to dismiss (Docket No. 27) is DENIED but the application to transfer venue is GRANTED and the case is TRANSFERRED from the District of Puerto Rico to the Middle District of Georgia.[3] The Clerk is directed to transfer this case to the Middle District of Georgia and thereafter close this case.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of November, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

[2] Furthermore, the Secretary represents, and plaintiff does not contest, that plaintiff is the only individual associated with the action who resides in Puerto Rico, whereas all civilian MACH employees, including the records custodian and manager of on-boarding procedures are still employed at MACH and residing in Georgia, one of the military members is still stationed at Ft. Benning,, GA, another was reassigned to Bethesda, MD, 809 miles from Fort Benning, 1532 miles from San Juan, PR (Docket No. 27, p. 5). Georgia would be a more convenient venue for all of these witnesses, and although many of the records are available electronically, the secured military medical systems and "paper copies of non-electronic documents are all located in Georgia." Id. at pp. 6-7.

[3] Plaintiff expressed that, if the court decided to transfer this case to the Middle District of Georgia, he ". . .be granted at least 30 days to renew new legal representation or request for an eligible attorney to be appointed for him if he is unable to afford legal representation" (Docket No. 31 at ¶ 23). Plaintiff shall make that request to the Court in the Middle District of Georgia.