IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IVAN E. APONTE,                          *

    Plaintiff,                       *

vs.                                      *        CASE NO. 4:21-CV-193 (CDL)

SECRETARY OF THE ARMY,                   *

    Defendant.                       *

_____

O R D E R

Pro se Plaintiff Ivan E. Aponte was terminated from his job as an internal medicine physician at Martin Army Community Hospital at Fort Benning, Georgia.  Aponte brought this action asserting that the Army discriminated against him because of his race, sex, national origin, religion, age, and protected conduct, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  The Army moved to dismiss Aponte's claims.  The motion presents a simple question: did Aponte exhaust his administrative remedies before filing this action?  The answer is no, so the Army's motion to dismiss (ECF No. 38) is granted.

MOTION TO DISMISS STANDARD

Exhaustion of administrative remedies is treated as "a matter in abatement," not an "adjudication on the merits," and

it may be raised in a Rule 12(b) motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). In ruling on a Rule 12(b) motion for failure to exhaust administrative remedies, a district court may "consider facts outside of the pleadings" and may "resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnote omitted). Here, the facts related to the Army's exhaustion defense are largely undisputed, and the parties have had an opportunity to develop a record through their briefing and through limited discovery.

## DISCUSSION

As a federal employee, Aponte was required to exhaust administrative remedies before filing an action in this Court pursuant to Title VII and the ADEA. Those requirements included filing a formal complaint with his employing agency within fifteen days after receiving a notice of a right to file such a complaint. 29 C.F.R. § 1614.106(b). Aponte received his notice of right to file a formal complaint on April 4, 2019. Def.'s Mot. to Dismiss Ex. 2, Notice of Right to File, ECF No. 38-2. Thus, Aponte had until April 19, 2019 to file his formal complaint. Aponte mailed his formal complaint to the Army's equal employment office on April 20, 2019. Am. Compl. Attach. 1, Envelope (Apr. 20, 2019), ECF No. 9-1 at 70.

Aponte does not dispute that he filed his formal complaint with the Army's equal employment office one day late. He does not dispute that the deadlines for Title VII and the ADEA are strictly construed. Aponte contends, though, that his complaint should be deemed timely filed under the doctrine of equitable tolling. The law recognizes that deadlines can be tolled under extraordinary circumstances. "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'" *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). Equitable tolling is only "appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). The party seeking equitable tolling must prove that he pursued his rights diligently and that "some extraordinary circumstance" stood in his way and prevented him from timely filing. *Joye v. Sec'y Dep't of Navy*, 736 F. App'x 861, 864 (11th Cir. 2018) (per curiam).

Aponte's chief argument is that the April 19, 2019 deadline should be equitably tolled because that day was Holy Friday and Aponte is Catholic. But he also contends that he went to the Army's equal employment office on April 19, 2019 to find out if

tolling could be granted.  It was not clear from Aponte's initial briefing whether Aponte completed a formal complaint and was prevented from filing it on April 19, 2019 or if he went to the office on the date of the deadline unprepared to file a formal complaint and asked for more time.  The Court therefore gave Aponte an opportunity to file supplemental briefing following "very limited discovery on the issue of what precisely happened on April 19, 2019—who Aponte met, what (if anything) Aponte tried to file, and what Aponte was told."  Order (May 5, 2022), ECF No. 54.  Although this information is squarely within Aponte's control, Aponte apparently did not participate in discovery.  He also did not timely file a supplemental brief.[1]

Aponte did not establish that he was reasonably diligent in filing his formal complaint before the deadline expired.  He presented no evidence that he completed his formal complaint on or before the April 19, 2019 deadline.  Aponte also did not present any evidence that the Army misled him in any way or placed unreasonable obstacles in his way that prevented him from

---

[1] Aponte did file an out-of-time supplemental brief (at least one week late and apparently without participating in the discovery ordered by the Court) stating that he went to the Army's equal employment office on April 19, 2019 and spent at least an hour there speaking with equal employment office personnel.  Although Aponte stated that he was worried about submitting two forms along with some narrative summaries on April 19, 2019, he did not state that he completed his formal complaint before he went to the equal employment office or while he was there.  Rather, he stated that because the office was closing for the afternoon (after he had already spent an hour there), he was given a mailing address for the formal complaint and was advised to mail his formal complaint that day.

filing his complaint in a timely manner. He knew the deadline, he had the forms, and he had a mailing address where he could send his formal complaint once he completed it. Although Aponte asserts that he could not file his formal complaint on April 19, 2019 because it was Holy Friday, he did not explain why he could not complete and file his formal complaint when he visited the equal employment office that day. Aponte has failed to demonstrate that he is entitled to the extraordinary remedy of equitable tolling.

CONCLUSION

Because Aponte's formal complaint was indisputably filed after the deadline expired and Aponte did not establish grounds for equitable tolling, Aponte's complaint must be dismissed due to his failure to exhaust administrative remedies. Accordingly, the Army's motion to dismiss Aponte's complaint (ECF No. 38) is granted. Aponte's "Amended Motion" and "Motion to Avoid Injustice" (ECF Nos. 42 & 50) appear to be supplemental responses to the Army's motion to dismiss, and they are terminated. His "Motion for More Definite Statement" is likewise terminated.

IT IS SO ORDERED, this 7th day of July, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA